Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000458
23-FEB-2018
07:54 AM

NO. CAAP-15-0000458

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ISSAC H. PASCUA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1499)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Issac H. Pascua (Pascua) appeals
from the May 13, 2015, Judgment of Conviction and Sentence
entered in the Circuit Court of the First Circuit (Circuit
Court).[1]  Pascua was convicted of Kidnapping in violation of
Hawai'i Revised Statutes (HRS) §§ 707-720(1)(d) and/or (1)(e)
(2014); Assault in the Second Degree in violation of HRS §§ 707-
711(1)(a) and/or (1)(b) (2014); Abuse of Family or Household
Members in violation of HRS §§ 709-906(1), (5) and (8) (2014);
and Terroristic Threatening in the Second Degree, in violation of
HRS § 707-717 (2014).

Pascua raises three points of error on appeal:
(1) "The lower court's instruction on Kidnapping was erroneous
because it failed to establish that [Pascua's] conduct must have
been an uninterrupted continuous course of conduct in order for
the jury to find guilt beyond a reasonable doubt[;]" (2) "The
record lacks substantial evidence to support [Pascua's]
conviction for Kidnapping[;]" and (3) "The record lacks

---

[1]     The Honorable Glenn J. Kim presided.

substantial evidence to support [Pascua's] conviction for Assault in the Second Degree."

After a careful review of the points raised, the arguments presented by the parties, the record, and the relevant authority, we resolve Pascua's points on appeal as follows and affirm.

1.    Pascua argues that the kidnapping instruction was prejudicially erroneous, because it was inconsistent with the other offense instructions, misleading, and insufficient to show the jury that the restraint must be continuous and uninterrupted. Pascua points out that the charged period in the instructions for each of the offenses was identical[2] but only meant continuous and uninterrupted conduct in the kidnapping instruction. Thus, he argues, the identical plain language in the instructions for each offense could not mean one thing--continuous and uninterrupted conduct--as to one offense, but something else for the other charges. Pascua asked that the instruction read, "From the 9th day of August, 2013, through and including the 15th day of August, 2013, in the City and County of Honolulu, State of Hawaii, the Defendant continuously restrained [Complaining Witness (CW)]" (emphasis added).

"When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." State v. Mark, 123 Hawai'i 205, 219, 231 P.3d 478, 492 (2010) (citation, quotation marks, and brackets omitted). Jury instructions "must be examined in the light of the entire proceedings and given the effect which the whole record shows [them] to be entitled." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006).

The challenged instruction as given here was a correct statement of the law. See, Hawai'i Criminal Jury Instructions 9.34 and 9.35 (2005) http://www.courts.state.hi.us/legal_references/circuit_court_standard_jury_instructions (last viewed

---

[2]    Each charge and respective jury instruction alleged conduct that occurred "on or about the 9th day of August, 2013, to and including the 15th day of August, 2013."

2

Feb. 8, 2018). That the offense was charged as a continuing course during the charged period does not alter this conclusion, when the entire sentence is read. The jury was instructed to decide whether, during the specified period, Pascua restrained the CW. There is nothing in this language that provides that a finding of restraint for a part or parts of that period would suffice.

Moreover, the parties consistently communicated that the issue to be decided, with regard to the Kidnapping count, was whether the restraint by Pascua was continuous or interrupted. The State argued in its opening statement, "the State is going to ask you to hold the Defendant accountable and find him guilty of Kidnapping for holding her against her will, making it impossible for her to escape, from August 9th until August 15th of 2013." In its opening statement, the defense pointed out intervals during the charged period when the CW was left alone and not physically controlled by Pascua. Similarly, in its closing argument, the State maintained, "He reinforced that constant cloud of fear, that constant threat that remained with her from the car incident on August 9, 2013, throughout until she fled on August 15th, and he did this multiple times[.]" Consistent with its opening statement, the defense argued in closing,

> that restraint, as [the State] already told you, needs to be from Friday, August 9, 2013, through and including Thursday, August 15, 2013. It must be continuous. It must be uninterrupted. [The State] is not going to disagree with that. You're not going to be told otherwise by the Court. That is what you need to find. You would need to find continuous, uninterrupted restraint from Friday, August 9th, to Thursday, August 15th, and you don't have that.
>
> . . . .
>
> . . . [R]emember, it has to be continuous and uninterrupted for seven days, okay. That's how they charged it, and that's what they have to prove. It has to be from Friday, August 9th, through and including Thursday, August 15th, okay.

The Circuit Court did not err by refusing Pascua's requested amendment to the kidnapping instruction.

2. Pascua argues that there was no substantial evidence as to the material element that he restrained CW continuously and uninterruptedly from Friday, August 9, 2013, to and including Thursday, August 15, 2013. Under HRS § 707-

720(1)(d) or (1)(e), a person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to inflict bodily injury upon that person or terrorize that person respectively. Restraint means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty by means of force, threat, or deception. HRS § 707-700 (2014).

Pascua was charged with Kidnapping that occurred on or about August 9, 2013, to and including August 15, 2013. The State adduced substantial evidence, through the testimony of the CW that Pascua repeatedly struck, choked, and threatened her with death, beginning on August 9, 2013 when Pascua repeatedly struck her while she was driving on the freeway until August 15, 2013, when Pascua struck her and threatened her with a knife in hand, with death by shooting her. She testified to repeated instances of force being used and threatened against her during this time and that Pascua's mood swings were unpredictable, leading her to fear for her safety and that of her son, whom Pascua knew how to contact, and preventing her from leaving or seeking help during this period. The State also presented the testimony of the emergency room physician who confirmed CW was bruised on various places on her body, and suffered a serious concussion. Photographs of CW's injuries were also presented to the jury.

Our review of the evidence leads to the conclusion that substantial evidence was presented that showed Pascua used physical force and threats of injury to prevent CW's movement during the entire charged period.

3. Pascua argues that there was insufficient evidence as to the material element of substantial bodily injury, specifically a serious concussion, for his Assault in the Second Degree conviction. Pascua argues that CW had no visible injuries to the back of her head and that the treating physician testified that the symptoms which led him to diagnose a concussion could also be explained by the strangulation she suffered.

The offense of Assault in the Second Degree requires proof that the actor intentionally or knowingly caused substantial bodily injury to another and/or recklessly caused

4

serious or substantial bodily injury to another. HRS §§ 707-711(1)(a) and/or (1)(b). Substantial bodily injury is defined as bodily injury which causes, among other things, a serious concussion. HRS § 707-700 (2014).

The evidence in this case was sufficient to support a finding that Pascua caused CW to suffer a serious concussion. CW testified that Pascua grabbed her head by the hair and banged her head into a brick wall in the bedroom on three separate days, which caused her to feel dizzy and disoriented. The treating emergency room physician testified that CW had a closed head injury with subconjunctival hemorrhage, or blood in the eyes, and bruising around her eyes or a black eye. He diagnosed this injury as a serious concussion. Although the doctor testified that some of CW's symptoms were consistent with strangulation, he also testified that although "there are no definitive tests to diagnose whether or not a person suffered from a serious concussion . . . [i]t is a clinical diagnosis." He could "definitively" make the clinical diagnosis of concussion. Thus, taking the evidence in the light most favorable to the prosecution, State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992), the State adduced substantial evidence from which a jury could conclude Pascua committed Assault in the Second Degree.

Based on the foregoing, the May 13, 2015, Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2018.

On the briefs:

Randall K. Hironaka,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5